IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TYREE TEVIN JACKSON,

Plaintiff,

v.                                                    CASE NO. 23-3048-JWL

FORD COUNTY DETENTION CENTER, et al.,

Defendants.

## MEMORANDUM AND ORDER

Plaintiff Tyree Tevin Jackson, a state prisoner who is housed at the Ford County Detention Center (FCDC) in Garden City, Kansas, filed this pro se civil action pursuant to 42 U.S.C. § 1983.. (Doc. 1.) The Court has reviewed the complaint and has identified deficiencies, as set forth below, which leave the complaint subject to dismissal in its entirety. The Court will allow Plaintiff the opportunity to file an amended complaint on court-approved forms that cures those deficiencies.

I.   **Nature of the Matter before the Court**

Plaintiff names as Defendants the FCDC and Sheriff's Master Deputy Gerald Boron. (Doc. 1, p. 1-2.) As the factual background for this complaint, Plaintiff alleges that his paid-for dictionary was taken during a shakedown, he has been the victim of "police brutality," and "guards keep stealing [his] commissary." *Id.* at 2. In Count I of the complaint, Plaintiff alleges "police brutality" based on Defendant Boron, who was not in uniform at the time, placing Plaintiff in a choke hold when he came to take pictures. *Id.* at 3. In Count II, Plaintiff alleges "stolen commissary," stating that he is missing "a lot of commissary" and that his mother has proof of his purchases. *Id.* at 3. As relief, Plaintiff requests (1) the return of his missing commissary items, (2) an order that pending charges against him be dropped, and (3) the entry of a settlement. *Id.* at 5.

1

## II.     Screening Standards

Because Plaintiff is a prisoner, the Court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B). During this screening, the Court liberally construes a pro se complaint such as this one and holds it to "less stringent standards than formal pleadings drafted by lawyers." *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the Court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, the Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *See Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48-49 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Furthermore, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted.)

The Court must determine whether Plaintiff has "nudge[d] his claims across the line from

conceivable to plausible." *See Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (quotation marks and citation omitted). "Plausible" in this context refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not met his or her burden. *Robbins v. Okla.*, 519 F.3d 1242, 1247 (10th Cir. 2008)(citing *Twombly*, at 550 U.S. at 570).

## III.   Discussion

This action is subject to dismissal because it fails to state a plausible claim for relief under § 1983. "[T]o state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed (the plaintiff); and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Count I asserts "police brutality" by Defendant Boron, who allegedly put Plaintiff in a chokehold. But the complaint does not explain when this incident occurred, the surrounding details, whether Plaintiff suffered any harm from the chokehold, or what legal right Plaintiff believes was violated.  The assertion that Defendant Boron committed police brutality is the sort of conclusory statement that is insufficient to support a claim for relief; Plaintiff must provide additional details about the incident.

Similarly, Count II asserts that someone is stealing Plaintiff's commissary items. Plaintiff has not identified the federal constitutional right he believes was violated by the theft, and he fails to explain when the theft or thefts occurred, what items were stolen, or who he believes stole the items. In order to state a plausible claim for relief under § 1983, Plaintiff must identify a named defendant who committed the alleged violation; simply referring to "guards" is not sufficient.

Next, this action is subject to dismissal as it is brought against the FCDC. A jail facility is not a proper defendant because it is not a "person" subject to suit for money damages under § 1983. *See Davis v. Bruce*, 215 F.R.D. 612, 618 (D. Kan. 2003), *aff'd in relevant part*, 129 Fed. Appx. 406, 408 (10th Cir. 2005). Finally, to the extent that Petitioner seeks an order from this Court directing that the charges pending against him be dropped and he be released, such relief cannot be granted in an action brought under 42 U.S.C. § 1983. A petition for writ of habeas corpus is a state prisoner's sole remedy in federal court for a claim of entitlement to immediate or speedier release. *See Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973).

## IV. Conclusion

As explained above, it appears that this action is subject to dismissal in its entirety because Plaintiff fails to state a plausible claim for relief under 42 U.S.C. § 1983 against any named Defendant. Plaintiff is therefore given the opportunity to file a complete and proper amended complaint upon court-approved forms that cures all the deficiencies discussed herein. An amended complaint does not simply supplement the original complaint; it completely replaces it. Therefore, any claims or allegations not included in the amended complaint are no longer before the Court. Plaintiff may not refer to an earlier pleading, and the amended complaint must contain all allegations, claims, and exhibits that Plaintiff intends to pursue in this action, including those to be retained from the initial complaint.

Plaintiff must write the number of this case (23-3048) at the top of the first page of his amended complaint. He must identify only defendants who may be sued under § 1983 and he must allege sufficient additional facts to show that each defendant personally participated in the federal constitutional violation, as discussed above. He must clearly identify the right he believes was violated in each Count. Plaintiff may attach additional pages to the form complaint if necessary,

but he should not utilize the form complaint only to refer the Court generally to an attached memorandum.

 If Plaintiff fails to timely file an amended complaint, the Court will proceed on the current complaint, which will be dismissed without further prior notice to Plaintiff for the reasons stated herein. If Plaintiff timely files an amended complaint, the Court will conduct the statutorily required review of the amended complaint and issue further orders as necessary.

**IT IS THEREFORE ORDERED** that Plaintiff is granted to and including May 1, 2023, to file a complete and proper amended complaint to cure all the deficiencies discussed herein. The clerk is directed to send 1983 forms and instructions to Plaintiff.

**IT IS SO ORDERED.**

DATED:  This 29th day of March, 2023, at Kansas City, Kansas.

S/ John W. Lungstrum

JOHN W. LUNGSTRUM
United States District Judge