IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TYREE TEVIN JACKSON,

Plaintiff,

v.                                                    CASE NO. 23-3048-JWL

FORD COUNTY DETENTION CENTER, et al.,

Defendants.


MEMORANDUM AND ORDER

Plaintiff Tyree Tevin Jackson, a state prisoner who is housed at the Ford County Detention Center (FCDC) in Dodge City, Kansas, filed this pro se civil action pursuant to 42 U.S.C. § 1983.. (Doc. 1.) The Court reviewed the complaint and identified deficiencies, as set forth in the Court's Memorandum and Order (M&O) of March 29, 2023, which leave the complaint subject to dismissal in its entirety. The Court granted Plaintiff to and including May 1, 2023 to file an amended complaint on court-approved forms that cures those deficiencies. (Doc. 8.)

The matter comes now before the Court on a document Plaintiff mailed to the Court prior to the deadline for the amended complaint. (Docs. 9, 9-1.) In the document, Plaintiff asserts "[t]hey won't let me go to the law library," which means that he is unable "to figure out what law they actually broke." (Doc. 9.) He asks the Court for an order directing jail staff to allow him access to the law library. *Id.* Liberally construing the document, as is appropriate since Plaintiff proceeds pro se, the Court construes it as a motion for court order and a motion for extension of time to file his amended complaint. The motion will be granted in part and denied in part.

First, to the extent that Plaintiff seeks a court order directing FCDC staff to allow him law library access, the request is denied. Plaintiff has not explained the timing of his requests to go to

1

the law library, which appear to have been submitted via the kiosk and via a letter to the undersheriff. Although Plaintiff had not yet received a response as of the date he wrote the document, the Court has no way of knowing whether a response could reasonably have been received by that time.

Second, it is not clear what law library materials Plaintiff believes are necessary to prepare the amended complaint. The M&O focused largely on Plaintiff's failure to allege specific facts in support of his claims that explained what each named defendant did to Plaintiff, when the defendant did it, and how Plaintiff was harmed by the defendant's action. Plaintiff has personal knowledge of the facts that caused him to believe his federal constitutional rights were violated. Although the M&O pointed out that Count II did not identify the federal constitutional right Plaintiff believes was violated by the theft of his commissary items, that was not the only deficiency in Count II, which also "fail[ed] to explain when the theft or thefts occurred, what items were stolen, or who he believes stole the items." (*See* Doc. 8, p. 3.)

Finally, the Court notes that Plaintiff's latest filing indicates that he needs access to the law library to determine which of his constitutional rights were violated. The Court advises Plaintiff that although the Court cannot construct a legal theory on Plaintiff's behalf, it liberally construes pro se complaints. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997). The failure to correctly cite a particular constitutional provision is not necessarily fatal to a complaint, as long as the facts alleged in the complaint, when liberally construed, make clear the constitutional right Plaintiff believes was violated. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (explaining a plaintiff's "burden of alleging sufficient facts on which a recognized legal claim could be based).

For example, Plaintiff in Count I of the original complaint alleged "police brutality."

Liberally construed, this could indicate that Plaintiff intended to plead a claim of excessive force, which is prohibited by the Eighth and Fourteenth Amendments to the United States Constitution. But Plaintiff's failure to include specific factual allegations in the complaint left unclear when the underlying actions occurred and the context in which they occurred. Thus, the Court could not conclude that the alleged facts sufficiently stated a plausible claim for relief on Count I.

The Court will grant Plaintiff additional time in which to file his amended complaint, making the amended complaint due on or before June 7, 2023. If Plaintiff needs additional time to prepare his amended complaint, he must file on or before June 7, 2023, a written motion for extension of time. That motion must include the caption and case number of this matter and, if the request for more time relates to Plaintiff being denied access to the law library, it must explain the specific circumstances surrounding the denials.

If Plaintiff fails to file either an amended complaint or a motion for extension of time on or before June 7, 2023, this matter will proceed on the current, deficient complaint and may be dismissed without further prior notice to Plaintiff. If Plaintiff timely files an amended complaint, the Court will conduct the statutorily required review of the amended complaint and issue further orders as necessary.

**IT IS THEREFORE ORDERED** that the document filed May 1, 2023 (is hereby construed as a motion for extension of time and a motion for a court order. As such, the motion (Doc. 9) is **granted in part and denied in part**. To the extent that Plaintiff seeks a court order related to law library access, the motion is denied. To the extent that Plaintiff seeks additional time in which to file his amended complaint, the motion is granted. Plaintiff is granted to and including June 7, 2023, to file a complete and proper amended complaint. The clerk is directed to send 1983

forms and instructions to Plaintiff.

**IT IS SO ORDERED.**

DATED:  This 3rd day of May, 2023, at Kansas City, Kansas.

S/ John W. Lungstrum

JOHN W. LUNGSTRUM
United States District Judge