IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TYREE TEVIN JACKSON,

Plaintiff,

v.                                                          CASE NO. 23-3048-JWL

FORD COUNTY DETENTION CENTER, et al.,

Defendants.


MEMORANDUM AND ORDER

Plaintiff Tyree Tevin Jackson, a state inmate who is housed at the Ford County Detention Center (FCDC) in Garden City, Kansas, filed this pro se civil action pursuant to 42 U.S.C. § 1983. (Doc. 1.) The Court reviewed the complaint and identified deficiencies that left the complaint subject to dismissal in its entirety. Thus, on March 29, 2023, the Court issued a memorandum and order (M&O) identifying the deficiencies and granting Plaintiff the opportunity to file an amended complaint on court-approved forms that cures those deficiencies. (Doc. 8.) The matter comes now before the Court on Plaintiff's amended complaint. (Doc. 11.)

I.    **Nature of the Matter before the Court**

In the amended complaint, Plaintiff names as Defendants Ford County Deputy Sheriffs Corporal Gerald Boron and Sergeant Lane, both of whom are allegedly employed by the FCDC. (Doc. 11, p. 1-2.) As the factual background for this complaint, Plaintiff alleges that on October 31, 2021, he was involved in a fight with Marucio Diaz, after which Defendant Boron came to North Pod 4 of the FCDC to take pictures. *Id.* at 2. Because Defendant Boron was not in uniform, Plaintiff did not know who he was and "put [his] hands up in [a] defense position." *Id.*

Defendant Boron "got [Plaintiff] on the floor in the cell" and placed him in a chokehold,

1

at which point Plaintiff believed that Defendant Boron was going to kill him, and he "had a mental breakdown." *Id.* at 2, 5. After a little while, Defendant Boron switched positions, placing his knee on Plaintiff's neck. *Id.* at 2, 5. Defendant Lane was the supervisor on shift at the time. In the sole count of the amended complaint, Plaintiff alleges a violation of his rights under the Eighth Amendment to the United States Constitution. *Id.* at 3. As relief, Plaintiff requests money damages to compensate him for "mental stress and damage." *Id.* at 6.

## II. Screening Standards

Since Plaintiff is a prisoner, the Court is required by statute to screen his amended complaint and to dismiss it or any portion of it that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B); *Forney v. Oklahoma*, 172 F.3d 878 (10th Cir. 1999) (unpublished order and judgment) (applying 28 U.S.C. § 1915A(b)(1) to complaint brought by pretrial detainee). During this screening, the Court liberally construes this pro se amended complaint and holds it to "less stringent standards than formal pleadings drafted by lawyers." *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the Court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, the Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *See Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48-49 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). "[W]hen the

allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Furthermore, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted.)

The Court must determine whether Plaintiff has "nudge[d] his claims across the line from conceivable to plausible." *See Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (quotation marks and citation omitted). "Plausible" in this context refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not met his or her burden. *Robbins v. Okla.*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, at 550 U.S. at 570).

## III. Discussion

### A. Personal Participation

This action is subject to dismissal as it is brought against Defendant Lane because the only allegation in the amended complaint about Defendant Lane is that he was the shift supervisor at the relevant time. An essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006); *Foote v. Spiegel*, 118 F.3d 1416, 1423–24 (10th Cir. 1997). For a supervisor to be held liable under § 1983, he or she must have personally participated in the complained-of constitutional deprivation. *Meade v. Grubbs*, 841 F.2d 1512, 1528 (10th Cir. 1988). "[T]he defendant's role must

3

be more than one of abstract authority over individuals who actually committed a constitutional violation." *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008).

### B.   Relief Requested

This action also is subject to dismissal in its entirety because the only relief Plaintiff seeks is compensatory money damages but the only injuries Plaintiff alleges are a "mental breakdown" and  "mental stress and damage." (Doc. 11, p. 2-3, 5-6.) Under federal law, "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 or Title 18)." 42 U.S.C. § 1997e(e). As used in this statute, "prisoner" includes "any person incarcerated or detained in any facility who is accused of . . . violations of criminal law." 42 U.S.C. § 1997e(h). Thus, Plaintiff is subject to this limitation and this action is subject to dismissal unless Plaintiff alleges facts showing a prior physical injury or the commission of a sexual act.

### C.   Failure to State a Claim

This action also is subject to dismissal because, as explained in more detail below, it appears that Plaintiff is a pretrial detainee and, as such, he cannot plead a plausible claim that the use of excessive force violated his rights under the Eighth Amendment to the United States Constitution. On the other hand, if Plaintiff is a convicted prisoner, he may make an Eighth Amendment excessive force claim, but the amended complaint does not contain sufficient facts to state a plausible claim on which relief could be granted.

Count I in the amended complaint was pled as an asserted ground for relief in the initial complaint and, to Plaintiff's credit, the amended complaint alleges more specific facts of the sort that are required to state a plausible claim under § 1983. *See Nasious v. Two Unknown B.I.C.E.*

*Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim . . ., a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed (the plaintiff); and, what specific legal right the plaintiff believes the defendant violated."). In addition, as emphasized in the M&O, Plaintiff now has identified a specific constitutional right he believes was violated: the Eighth Amendment. Liberally construing the complaint, it appears that Plaintiff intends to make a claim that Defendant Boron used unconstitutional excessive force. The Eighth Amendment[1] prohibits the cruel and unusual punishment of convicted prisoners, which can involve the use of excessive force. *See Geddes v. Weber County*, 2022 WL 3371010, *5 (10th Cir. Aug. 16, 2022) (unpublished) (quoting *Porro v. Barnes*, 624 F.3d 1322, 1325-26 (10th Cir. 2010)).

On the information available to this Court, however, it appears that Plaintiff has not yet been convicted. Rather, it appears that he is in the FCDC pending trial on state criminal charges in several cases. *See* Online Records of Ford County District Court. Because Plaintiff has had a probable cause hearing that led to his continued detention pending trial but he has not been convicted of any crimes, he is not a convicted prisoner, but a "pretrial detainee." *See Geddes*, 2022 WL 3371010, at *4.

Under the Due Process Clause of the Fourteenth Amendment, "a 'detainee may not be punished prior to an adjudication of guilt in accordance with due process of law.'" *Id.* (quoting *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)). Thus, a pretrial detainee's claim that he or she was the victim of unconstitutional excessive force arises under the Due Process Clause of the Fourteenth Amendment, not the Cruel and Unusual Punishment Clause of the Eighth Amendment. *See id.* In

---

[1] Although the Fourteenth Amendment incorporates the Eighth Amendment's protections to prisoners convicted in state courts, claims of cruel and unusual punishment—including those based on excessive force—are often referred to as Eighth Amendment claims.

other words, "'the Due Process Clause protects a pretrial detainee from the use of excessive force that amounts to punishment.'" *Kingsley v. Hendrickson*, 576 U.S. 389, 397-98 (2015) (quoting *Graham v. Connor*, 490 U.S. 386, 395, n. 10 (1989)).

Determining whether an excessive force claim is brought under the Fourteenth Amendment or the Eighth Amendment is important because the Court uses a different legal test for each. When a convicted prisoner brings an Eighth Amendment excessive force claim, he or she must allege facts that, if taken as true, plausibly support two conclusions: "(1) . . . the alleged wrongdoing was objectively harmful enough to establish a constitutional violation, and (2) . . . that the officials acted with a sufficiently culpable state of mind." *Giron v. Corr. Corp. of America*, 191 F.3d 1281, 1289 (10th Cir. 1999). These are often referred to as the "two prongs" of an Eighth Amendment excessive force claim; the first is an objective inquiry and the second is a subjective one. Regarding the second prong, the Tenth Circuit has instructed that "[a]n official has a culpable state of mind if he uses force 'maliciously and sadistically for the very purpose of causing harm,' rather than 'in a good faith effort to maintain or restore discipline.'" *Redmond v. Crowther*, 882 F.3d 927, 936–37 (10th Cir. 2018) (quoting *Whitley v. Albers*, 475 U.S. 312, 320–21 (1986)). To the extent that Plaintiff intends to raise an Eighth Amendment claim, the amended complaint does not allege sufficient facts to show that Defendant Boron acted with a sufficiently culpable state of mind.

In contrast, when a pretrial detainee brings a Fourteenth Amendment excessive force claim, he or she must allege facts that, if taken as true, plausibly support the conclusion "that the force purposely or knowingly used against him [or her] was objectively unreasonable." *See Kingsley*, 576 U.S. at 396-97. In other words, unlike the Eighth Amendment test, the Fourteenth Amendment test does not include a subjective prong. When determining if a pretrial detainee has pled a plausible claim of objectively unreasonable force, the Court considers "the 'facts and

6

circumstances of each particular case,'" including factors such as the following: "the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or limit the amount of force; the severity of [any] security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting," among others. *Id.* at 397.

To the extent that Plaintiff intends to raise a Fourteenth Amendment claim, he must clearly identify that as the basis for his claim. *See Geddes*, 2022 WL 3371010, at *8 (noting that allegation of excessive force must be "tethered" to the specific constitutional provision on which it rests and finding that claim of excessive force in violation of the Fourteenth Amendment did not give fair notice of a Fourth Amendment excessive force claim). Accordingly, whichever way the Court considers the sole claim in the amended complaint, it remains subject to dismissal because it fails to state a claim on which relief can be granted.

### D. Conclusion

As explained above, it appears that this action is subject to dismissal in its entirety because Plaintiff fails to state a plausible claim for relief under 42 U.S.C. § 1983. The amended complaint also fails to allege sufficient personal participation by Defendant Lane in the alleged unconstitutional actions. And the amended complaint seeks only compensatory money damages but does not allege a physical injury or the commission of a sexual act, as required by 42 U.S.C. § 1997e(e). Finally, it is unclear whether Plaintiff is a pretrial detainee or a convicted prisoner. If he is a pretrial detainee, he cannot succeed on a claim that Defendant Boron's actions violated his Eighth Amendment rights to be free from cruel and unusual punishment because that clause of the Eighth Amendment does not apply to pretrial detainees, who are not subject to punishment and are protected from unconstitutional excessive force by the Due Process Clause of the Fourteenth

Amendment. If Plaintiff is a convicted prisoner, he may bring the Eighth Amendment claim, but he has failed to allege sufficient facts to support the conclusion that Defendant Boron acted with the required state of mind.

Plaintiff is therefore given the opportunity to file a complete and proper second amended complaint upon court-approved forms that cures all the deficiencies discussed herein. As previously explained, an amended complaint does not simply supplement earlier complaints; it completely replaces them. Therefore, any claims or allegations not included in the second amended complaint will be no longer before the Court. Plaintiff may not refer to earlier complaints, and the second amended complaint must contain all allegations, claims, and exhibits that Plaintiff intends to pursue or rely on in this action, including those to be retained from earlier complaints.

Plaintiff must write the number of this case (23-3048) at the top of the first page of his second amended complaint. He must identify only defendants who may be sued under § 1983 and he must allege sufficient additional facts to show that each defendant personally participated in the federal constitutional violation, as discussed above. He must clearly identify whether he was a pretrial detainee or a convicted prisoner at the time of the relevant events, as well as the constitutional right he believes was violated. Plaintiff may attach additional pages to the form complaint if necessary, but he should not utilize the form complaint only to refer the Court generally to an attached memorandum.

If Plaintiff fails to timely file a second amended complaint, the Court will proceed on the current complaint, which will be dismissed without further prior notice to Plaintiff for the reasons stated herein. If Plaintiff timely files a second amended complaint, the Court will conduct the statutorily required review of the second amended complaint and issue further orders as necessary.

**IT IS THEREFORE ORDERED** that Plaintiff is granted to and including June 20, 2023, to file a complete and proper second amended complaint to cure all the deficiencies discussed herein. The clerk is directed to send 1983 forms and instructions to Plaintiff.

**IT IS SO ORDERED.**

DATED:  This 17th day of May, 2023, at Kansas City, Kansas.

S/ John W. Lungstrum

JOHN W. LUNGSTRUM
United States District Judge