**In the United States District Court
for the District of Kansas**

———————

Case No. 23-cv-03048-TC-GEB

———————

TYREE TEVIN JACKSON,

*Plaintiff*

v.

FORD COUNTY DETENTION CENTER, ET AL.,

*Defendants*

———————

**MEMORANDUM AND ORDER**

Tyree Tevin Jackson alleges that Gerald Boron used excessive force against him, in violation of the Fourteenth Amendment. Doc. 13 at 3. Boron moves to dismiss Jackson's complaint. Doc. 29. For the following reasons, Boron's motion is granted in part and denied in part.

**I**

**A**

**1.** A federal district court may grant a motion to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss for failure to state a claim, the complaint need only contain "a short and plain statement … showing that the pleader is entitled to relief" from each named defendant. Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Two "working principles" underlie this standard. *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). First, a court ignores legal conclusions, labels, and any formulaic recitation of the elements. *Penn Gaming*, 656 F.3d at 1214. Second, a court accepts as true all remaining allegations and logical inferences and asks whether the claimant has alleged facts that make his or her claim plausible. *Id.*

1

A claim need not be probable to be considered plausible. *Iqbal*, 556 U.S. at 678. But the facts, viewed in the light most favorable to the claimant, must move the claim from conceivable to plausible. *Id.* at 678–80. The "mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

Plausibility is context specific. The requisite showing depends on the claims alleged, and the inquiry usually starts with determining what the plaintiff must prove at trial. *See Comcast Corp. v. Nat'l Assoc. of African Am.-Owned Media*, 589 U.S. 327, 332 (2020). In other words, the nature and complexity of the claim(s) define what plaintiffs must plead. *Cf. Robbins v. Oklahoma*, 519 F.3d 1242, 1248–49 (10th Cir. 2008) (comparing the factual allegations required to show a plausible personal injury claim versus a plausible constitutional violation).

Ordinarily, a motion to dismiss is decided on the pleadings alone. But "the district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007) (citation and internal quotation marks omitted). A court may also consider documents necessary to resolve disputed jurisdictional facts when a party challenges the factual basis for subject matter jurisdiction. *Graff v. Aberdeen Enterprizes, II, Inc.*, 65 F.4th 500, 507–09 (10th Cir. 2023).

**2.** Jackson proceeds pro se. Federal courts considering pleadings filed by pro se litigants must construe those pleadings generously. *See Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009). That generosity means a court should overlook the failure to properly cite legal authority, confusion of various legal theories, and apparent unfamiliarity with pleading requirements. *Id.* But it does not permit a court to construct legal theories on a litigant's behalf, assume facts not pled, or act as his or her advocate. *See id.*; *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

## B

Jackson's Complaint alleges he is a pretrial detainee at Ford County Detention Center. Doc. 13 at 4.[1] He says he got into a fight, *see id.* at 3, presumably with another detainee. A sheriff's deputy, Gerald Boron, arrived "out of uniform" in order "to take pictures." *Id.* Jackson "didn't know who [Boron] was, so [he] put [his] hands into [a] boxing stance." *Id.* Boron "rushed into the cell," placed Jackson "in a chokehold," "put his knee on [Jackson's] neck," and handcuffed Jackson. *Id.* After being handcuffed, Jackson "got up off the floor to try to charge at [Boron] again." *Id.* Another officer and the detainee with whom Jackson had fought intervened to stop Jackson from charging at Boron. *See id.* Jackson was seen by a nurse roughly a month later because his "neck wouldn't stop hurting." Doc. 13 at 4.

Jackson sued Boron and the Detention Center, alleging that he was subject to "police brutality" and that items were "stolen [from his] commissary." Doc. 1 at 3. He amended his Complaint to allege that Boron and an unknown correctional officer violated his Eighth Amendment rights. Doc. 11 at 2–3. He then amended his Complaint a second time, alleging only that Boron violated the Fourteenth Amendment by using excessive force. Doc. 13 at 2–3. Jackson seeks "payment for physical damage and [his] medical bill." *Id.* at 6.

Boron moves to dismiss Jackson's Second Amended Complaint. Doc. 29. He argues that he is entitled to qualified immunity and thus that Boron fails to state a claim. *Id.* at 5. In the alternative, he argues that Jackson's suit is "subject to dismissal under [*Younger v. Harris*, 401 U.S. 37 (1971)]," and that if it is not so dismissed, that it should at least be stayed. *Id.* at 11, 14 . Jackson has responded, Doc. 30, and Boron has not replied.

Jackson is also the subject of state-court criminal proceedings. Doc. 29-3. He was arraigned on one count of battery on a law enforcment officer and pled not guilty. *Id.* at 1, 3 (citing Kan. Stat. Ann. § 21-5413(c)(1)(B)). These charges, like Jackson's civil suit, arise from his encounter with Boron. *See id.* at 1.

---

[1] All document citations are to the document and page number assigned in the CM/ECF system.

## II

Boron's arguments implicate both the substance of Jackson's civil rights claims and a federal court's power to hear them. Based on the federalism and comity concerns espoused in *Younger v. Harris*, 401 U.S. 37 (1971), it is appropriate to apply that doctrine and abstain from considering the substantive arguments. Accordingly, Boron's motion is granted in part and denied in part.

Boron first argues Jackson's claims are barred by *Younger*. Doc. 29 at 11. The *Younger* doctrine is based "on notions of comity and federalism, which require that federal courts respect state functions and the independent operation of state legal systems." *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997). Generally speaking, it prevents federal courts from entertaining suits that could interfere with ongoing state criminal proceedings. *See Younger*, 401 U.S. at 45. In such a case, a federal court must abstain from exercising jurisdiction where there is an ongoing state, civil, or administrative proceeding, the state court provides an adequate forum to hear the claims raised in the federal complaint, and the state proceedings involve important state interests. *Winn v. Cook*, 945 F.3d 1253, 1258 (10th Cir. 2019) (citing *Chapman v. Oklahoma*, 472 F.3d 747, 749 (10th Cir. 2006)).

All three requirements are met here. There is an ongoing state criminal proceeding against Jackson. Doc. 29-3 at 1, 3. As to the second prong, Jackson could raise his constitutional claims as a defense in the criminal proceeding. *See State v. Franz*, 676 P.2d 157, 158 (Kan. Ct. App. 1984) (citing *State v. Heiskell*, 666 P.2d 207 (Kan. Ct. App. 1983) (noting that even though in Kansas one has no right to resist even an unlawful arrest, there is a right to self-defense when an officer uses excessive force). And importantly, Jackson has not met his burden of "proving that state procedural law barred presentation of [his claim]." *J.B. ex rel. Hart v. Valdez*, 186 F.3d 1280, 1292 (10th Cir. 1999); *see also Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 14 (1987) (noting that the burden "rests on the federal plaintiff to show that state procedural law barred presentation of [his] claims"). Finally, state criminal proceedings are viewed under *Younger* as "a traditional area of state concern." *Winn*, 945 F.3d at 1258 (quoting *Seneca-Cayuga Tribe of Oklahoma v. State of Okl.*

*ex rel. Thompson*, 874 F.2d 709, 713 (10th Cir. 1989) (quotation marks omitted).[2]

Saying *Younger* applies only raises the question of what to do. The Supreme Court and the Tenth Circuit suggest that staying proceedings—instead of dismissing the case—is the better course. *See Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 730 (1996); *Graff v. Aberdeen Enterprises, II, Inc.*, 65 F.4th 500, 523 (10th Cir. 2023). Consistent with that directive, a stay is appropriate.[3]

### III

For the foregoing reasons, Boron's Amended Motion to Dismiss, Doc. 29, is GRANTED in part and DENIED in part, and the case is STAYED pending resolution of Jackson's criminal prosecution.

It is so ordered.

Date: November 20, 2024        s/ Toby Crouse
                               Toby Crouse
                               United States District Judge

---

[2] Because *Younger* applies, it is improper to address the merits of Boron's 12(b)(6) challenge. *See D.L. Unified School Dist. No. 497*, 392 F.3d 1223, 1232 (10th Cir. 2004).

[3] *Heck v. Humphrey*, 512 U.S. 477 (1994), compels the same result. *See Wallace v. Kato*, 549 U.S. 384, 393–94; *accord* Doc. 29 at 15.

5